## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOWMEDICA OSTEONICS CORP. and STRYKER IRELAND LTD.,<br><br>Plaintiffs,<br>v.<br><br>DEPUY ORTHOPAEDICS, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 11-CV-6498 (SDW)(MCA)<br><br>District Judge Susan D. Wigenton<br><br>Magistrate Judge Madeline C. Arleo |
| HOWMEDICA OSTEONICS CORP. and STRYKER IRELAND LTD.,<br><br>Plaintiffs,<br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 11-CV-6499 (SDW)(MCA)<br><br>District Judge Susan D. Wigenton<br><br>Magistrate Judge Madeline C. Arleo |
| HOWMEDICA OSTEONICS CORP. and STRYKER IRELAND LTD.,<br><br>Plaintiffs,<br>v.<br><br>SMITH & NEPHEW, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 11-CV-6500 (SDW)(MCA)<br><br>District Judge Susan D. Wigenton<br><br>Magistrate Judge Madeline C. Arleo |
| HOWMEDICA OSTEONICS CORP. and STRYKER IRELAND LTD.,<br><br>Plaintiffs,<br>v.<br><br>ZIMMER, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 11-CV-6511 (SDW)(MCA)<br><br>District Judge Susan D. Wigenton<br><br>Magistrate Judge Madeline C. Arleo |

### STIPULATED ORDER ESTABLISHING PROTOCOL FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION

After conferring on these matters, the Parties hereby propose, subject to the Court's

approval, the following agreed upon protocol for electronic discovery:

**IT IS HEREBY STIPULATED:**

1.   **General**:  The procedures and protocols set forth in this Order shall govern the production of electronic documents in this litigation.  Except as expressly stated, nothing in this order affects the Parties' discovery obligations under the Federal or Local Rules.

2.   **Paper Discovery**:  Each Producing Party has an independent and separate obligation to produce paper discovery responsive to a discovery request.  All hard copy documents shall be scanned and produced in the same manner as electronic documents, as identified below.  If a document is more than one page in length, the producing party will conduct best efforts to ensure the unitization of the document and any attachments shall be maintained as it existed in the original.

3.   **Electronic Discovery**:  The Parties agree that electronically stored information is subject to discovery.  However, the Parties further agree that back up tapes and reasonably inaccessible archival records need not be searched in the initial document production.

4.   **Searches**:  For all electronic documents except emails, the Parties shall meet and confer to reach an agreement regarding limits on the custodians to be searched, the use of keywords and search terms to be applied to collected data for the purpose of processing, and relevant time periods to be searched.  The search protocols regarding emails are addressed in section 10 below.

5.   **Production Format**: The Parties shall exchange electronically stored information in the following format if practical:

   Documents will be produced as single-page black-and-white Group IV TIFF images, 300 dpi; if color images are required, these will be provided upon request of counsel.  The producing party will also produce an industry standard batch load file such as a DII or LPF file.  The preferred production/Bates numbering schema will be comprised of an alphabetical prefix with no less than eight following (8) numbers, starting with 00000001.  There will be no spaces or punctuation in the identifying control number.  Documents will be produced with document-level ASCII text files (.txt) of either extracted text (for native files) or OCR text (for paper documents).  All text files will be named after the identifying Bates number of the first page of the document; all image files will be named after the identifying Bates number of the corresponding page of the document.  All electronic documents will be converted to image format, with the exception of unredacted Excel spreadsheets, database, audio/video files, or other documents not amenable to conversion to image

format.  Unredacted Excel spreadsheets, database, or audio/video files, as well as any other documents that cannot be readily converted to image format through industry-standard electronic discovery processes, may be produced as native files with a Document Link field or other appropriate format.

Electronic documents shall be produced with certain metadata, where possible.  The producing party shall only provide metadata to the extent it exists in the original source document or is automatically generated as part of the electronic discovery process. The parties are under no obligation to manually populate or create any metadata fields.  To the extent that it exists, the parties shall produce metadata for the following fields:

- Production Begin
- Production End
- Production Attachment Begin
- Production Attachment End
- Attachment Count
- Custodian
- All Custodians
- Date Created
- Time Created
- Date Last Modified
- Time Last Modified
- Creator
- Title
- File Extension
- File Name
- File Path
- All Locations
- File Size
- File Type
- Record Type
- MD5 or SHA-1 Hash Value
- Page Count
- Production Volume

Metadata requirements for email are discussed in section 10 below.

6. **Load File**:  The Producing Party shall provide a load file to accompany the images that are produced, to facilitate the use of the produced images by a document management or litigation support system.

7. **Cooperation and Dispute Resolution**:  The Parties shall, as necessary, meet and confer to resolve any issues associated with any electronic production.  If, after

meeting and conferring, the Parties are unable to resolve such issues, the Parties shall utilize the procedures set forth in L. Civ. R. 37.1 to resolve the dispute.

8.   **Duplicate Production Not Required**:  A Party producing documents in electronic form need not produce the same document in paper format, unless the paper document contains additional annotations not present on the hard copy. Each party may de-duplicate ESI globally within its production, provided they disclose the methodology it intends to use prior to processing the data and provide a cross-reference of other custodians who possessed the produced document.

9.   **Redaction**:  For any file to be produced in Native Format that needs redaction, the Parties shall meet and confer with respect to suitable techniques and methods of redaction to preserve the integrity of the Data while protecting information subject to redaction.  If any document that would otherwise be produced as a native file is converted to an image file for redaction purposes, the producing party shall maintain the native file in order to preserve its metadata.

10.  **Email**:  The production of electronic mail documents or other forms of electronic correspondence (collectively "email") will be governed by the following procedures:

    A.   General production requests calling for the production of documents or information under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure of this Court, shall not include email.  To obtain email, the Parties must propound specific email production requests.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

    B.   Email documents shall be produced with certain metadata, where possible.  The producing party shall only provide metadata to the extent it exists in the original source document or is automatically generated as part of the electronic discovery process.  The parties are under no obligation to manually populate or create any metadata fields.  To the extent that it exists, the parties shall produce metadata for the following fields:

    - Production Begin
    - Production End
    - Production Attachment Begin
    - Production Attachment End
    - Attachment Count
    - Custodian
    - All Custodians
    - Author
    - Recipient(s)
    - cc
    - Blind cc

4

- Subject Line
- Date E-mail Received
- Time E-mail Received
- Date E-mail Sent
- Time E-mail Sent
- File Extension
- File Name
- File Path
- All Locations
- File Size
- File Type
- Record Type
- MD5 or SHA-1 Hash Value
- Page Count
- Production Volume

C.     Each requesting party may propound up to five written discovery requests and take one deposition not to exceed 4 hours, per producing party, to identify the proper custodians, proper search terms, and proper time frame for email production requests. The written discovery requests and the 4 hour deposition shall not count against the interrogatory and deposition allotments prescribed in the Scheduling Order. The 4 hour deposition may also include other subjects related to electronic discovery.

D.     Email production requests shall identify the custodian, search terms, and time frame. The Parties shall cooperate to identify the proper custodians, proper search terms, and proper timeframe.

E.     *Plaintiffs' Proposal:* The Parties agree that email production requests shall be limited to a reasonable number of custodians. The Parties shall meet and confer following the 4 hour depositions described in Paragraph 10.C in order to establish such limit.

     *Defendants' Proposal:* Each requesting party shall limit its email production requests to a total of ten custodians per producing party for all such requests. The Parties may jointly agree to modify this limit without leave of Court. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the Parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

F.     Each requesting party shall limit its email production requests to a total of 20 search strings per custodian per party. The Parties may jointly

5

agree to modify this limit without leave of Court.  The Court shall consider contested requests for up to five additional search strings per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The search strings shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing party's company name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search string.  A disjunctive combination of multiple words or phrases (*e.g.,* "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search string unless they are variants of the same word.  Use of narrowing search criteria (*e.g.,* "and," "but not," "w/x") is encouraged to limit the production.  Should a party serve email production requests with search terms beyond the limits agreed to by the Parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

G.      The mere production of ESI or emails in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

H.      The receiving party shall not use email that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

ACCEPTED AND AGREED TO this 7th day of May, 2012.

Respectfully submitted:

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP. and STRYKER IRELAND LTD.<br><br>By:____s/ Natalie S. Richer____<br>      Natalie S. Richer | ZIMMER, INC.<br><br>By:____s/ William H. Trousdale____<br>      William H. Trousdale |
| William L. Mentlik<br>Keith E. Gilman<br>Natalie S. Richer<br>LERNER, DAVID, LITTENBERG,<br>  KRUMHOLZ & MENTLIK, LLP<br>600 South Avenue West<br>Westfield, NJ 07090-1497<br>Tel:   908.654.5000<br>Fax:   908. 654.7866<br>nricher@ldlkm.com<br>litigation@ldlkm.com | William H. Trousdale<br>TOMPKINS, MCGUIRE, WACHENFELD, &<br>BARRY<br>Four Gateway Center<br>100 Mulberry Street, Suite 5<br>Newark, NJ 07102<br>Tel   973.622.3000<br>Fax   973.623.7780 |
| **OF COUNSEL**<br>George C. Lombardi<br>Bradley C. Graveline<br>Karl A. Leonard<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601<br>Tel:   312.558.5600<br>Fax:   312.558.5700<br>glombardi@winston.com<br><br>Scott R. Samay<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel:   212.294.6700<br>Fax:   212.294.4700<br><br>Jovial Wong<br>WINSTON & STRAWN LLP<br>1700 K Street<br>Washington, DC 20006<br>Tel:   202.282.5000<br>Fax:   202.282.5100 | **OF COUNSEL**<br>Bryan S. Hales<br>Jessica C. Kaiser<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Tel:   312.862.2000<br>Fax:   312.862.2200<br><br>Leslie M. Schmidt<br>KIRKLAND & ELLIS LLP<br>601 Lexington Ave.<br>New York, NY 10022<br>Tel:   212.446.4800<br>Fax:   212.446.4900 |

| SMITH & NEPHEW, INC. | WRIGHT MEDICAL TECHNOLOGY, INC. |
|---|---|
| By:____s/  Arnold B. Calmann_____<br>         Arnold B. Calmann | By:_____s/  Sheila R. Wiggins_____<br>          Sheila R. Wiggins |
| Arnold B. Calmann<br>Geri L. Albin<br>**SAIBER LLC**<br>One Gateway Center, 10th Floor<br>Newark, NJ  07102<br>Tel:    973.622.3333<br>Fax:    973.622.3349<br>abc@saiber.com<br>gla@saiber.com | Sheila R. Wiggins<br>**DUANE MORRIS LLP**<br>One Riverfront Plaza<br>1037 Raymond Boulevard, Suite 1800<br>Newark, NJ 07102-5429<br>Tel:    973.424.2000<br>Fax:    973.424.-2001<br>SRWiggins@duanemorris.com |
| **OF COUNSEL**<br>Gregory N. Stillman<br>Brent L. VanNorman<br>**HUNTON & WILLIAMS LLP**<br>500 East Main Street, Suite 1000<br>Norfolk, VA  23510<br>Tel.  757.640.5300<br>Fax.  757.625.7720<br>gstillman@hunton.com<br>bvannorman@hunton.com<br><br>Rodger L. Tate<br>Bradley T. Lennie<br>**HUNTON & WILLIAMS LLP**<br>2200 Pennsylvania Ave, NW<br>Washington, DC  20037<br>Tel:    202.955.1500<br>Fax:    202.778.2201<br>rtate@hunton.com<br>blennie@hunton.com | **OF COUNSEL**<br>Anthony J. Fitzpatrick<br>Christopher S. Kroon<br>**DUANE MORRIS LLP**<br>100 High Street, Suite 2400<br>Boston, MA 02110<br>Tel:    857.488.4200<br>Fax:    857.488.4201<br>AJFitzpatrick@duanemorris.com<br>CSKroon@duanemorris.com<br><br>Samuel W. Apicelli<br>**DUANE MORRIS LLP**<br>30 South 17th Street<br>Philadelphia, PA 19103-4196<br>Tel:    215.979.1255<br>Fax:    215.689.0827<br>SWApicelli@duanemorris.com |

8

| | |
|---|---|
| DEPUY ORTHOPAEDICS, INC. and DEPUY PRODUCTS, INC.<br><br>By:   s/  Charles M. Lizza<br>      Charles M. Lizza | |
| Charles M. Lizza<br>Sarah A. Hensler<br>**SAUL EWING LLP**<br>One Riverfront Plaza, Suite 1520<br>Newark, New Jersey  07102-5426<br>Tel:    973.286.6700<br>Fax:    973.286.6815<br>clizza@saul.com | |
| **OF COUNSEL**<br>Calvin P. Griffith<br>Patrick J. Norton<br>David M. Maiorana<br>Kenneth S. Luchesi<br>**JONES DAY**<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114-1190<br>Tel:    216.586.3939<br>Fax:    216.579.0212<br>cpgriffith@jonesday.com<br>pjnorton@jonesday.com<br>dmmaiorana@jonesday.com<br>kluchesi@jonesday.com | |

**THE FOREGOING STIPULATION**
**IS APPROVED AND IS SO ORDERED**

Date: _____May 10, 2012_____

_____
Hon. Madeline C. Arleo, M.J.