NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWMEDICA OSTEONICS CORP. and STRYKER IRELAND LTD.,<br><br>Plaintiffs,<br>v.<br><br>DEPUY ORTHOPAEDICS, INC.; WRIGHT MEDICAL TECHNOLOGY, INC.; SMITH & NEPHEW, INC.; and ZIMMER, INC.,<br><br>Defendants.<br><br>DEPUY ORTHOPAEDICS, INC. and DEPUY PRODUCTS, INC.,<br><br>Counterclaim Plaintiffs,<br>v.<br><br>HOWMEDICA OSTEONICS CORP. and STRYKER IRELAND LTD.,<br><br>Counterclaim Defendants. | Civil Action No. 11-CV-6498 (Consolidated) (SDW) (MCA)<br><br><br><br>**OPINION**<br><br><br>January 30, 2014 |

**WIGENTON**, District Judge.

Before the Court is DePuy Orthopaedics, Inc., Wright Medical Technology, Inc., Smith & Nephew, Inc., and Zimmer, Inc.'s (collectively "Defendants") Appeal from United States Magistrate Judge Madeline C. Arleo's ("Judge Arleo") September 10, 2013 Order which held that Stryker intentionally waived the attorney-client privilege during the prosecution of the U.S. Patent No. 6,475,243 ("the '243 Patent") and compelled limited disclosure of documents falling within the scope of the waiver. This Court, having considered the parties' submissions, decides

1

this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Judge Arleo's Order is reversed, in part, and affirmed, in part.

**BACKGROUND**[1]

The '243 Patent was issued on November 5, 2002. The continuation-in-part ("CIP") application that led to the issuance of the '243 Patent was issued on September 19, 2000—U.S. Patent No. 09,665,025. The parent application of the CIP application was filed on May 22, 1998—U.S. Patent No. 09,083,406.

In February 2009, Stryker requested that the United States Patent and Trademark Office ("PTO") reexamine the '243 Patent to confirm its validity in light of newly discovered materials including a German patent that published on April 23, 1998. In support of its position, Stryker's Vice President of Intellectual Property, Alfred J. Zarnowski ("Mr. Zarnowski") submitted a declaration (the "Zarnowski Declaration") to assert that Stryker conceived its invention before the publication date of the German patent. The Zarnowski Declaration indicates that Mr. Zarnowski and Stryker's patent attorney corresponded before April 23, 1998 regarding the invention disclosure. (Zarnowski Decl. ¶ 7.) Mr. Zarnowski included quotes from the correspondence and described non-privileged facts. (Id. ¶¶ 7, 9.)

In light of the disclosures in the Zarnowski Declaration, Defendants alleged that Stryker waived the attorney-client privilege. The parties briefed the issue involving Styker's alleged waiver of privilege. Judge Arleo held oral argument regarding this issue on two separate occasions—March 15, 2013 and August 14, 2013. On August 29, 2013, the parties submitted competing orders relating to the privilege waiver. On September 11, 2013, Judge Arleo issued an Order. The Order held, in pertinent part:

---

[1] Unless otherwise noted, the facts are taken from the parties' submissions.

that Plaintiffs' disclosure of the Zarnowski [D]eclaration during prosecution of the '243 patent constitutes an intentional waiver of the attorney-client privilege which waiver is limited to documents concerning the date of conception of the invention claimed in the '243 patent and/or the description of the invention as of or prior to April 23, 1998; and it is further

ORDERED, that Plaintiffs shall produce copies of all documents and correspondence by and among Plaintiffs and Plaintiffs' counsel that were (i) created on or before May 22, 1998, and (ii) concern the date of conception of the invention claimed in the '243 patent and/or the description of the invention on or before April 23, 1998.

(Dkt. 158.)

**LEGAL STANDARD**

A magistrate judge may hear and determine any non-dispositive pretrial matter pending before the district court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "This Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)).

A ruling is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). A decision is considered contrary to law if the magistrate judge has "misinterpreted or misapplied applicable law." Doe v. Hartford Life Acc. Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006).

The district court "will not reverse the magistrate judge's determination, even if the court might have decided the matter differently." Bowen v. Parking Auth. of City of Camden, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). Furthermore, "[a] district judge's simple

3

disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000).

As the Federal Circuit has guided, "[d]ecisions enforcing local rules in patent cases will be affirmed unless clearly unreasonable, arbitrary, or fanciful; based on erroneous conclusions of law; clearly erroneous; or unsupported by any evidence." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366-67 (Fed. Cir. 2006) (citing Genentech, Inc. v. Amgen, Inc., 289 F.3d 761, 774 (Fed. Cir. 2002)).

**DISCUSSION**

Defendants raise three arguments on appeal with respect to Judge Arleo's Order: (1) non-written "communications" should be within the scope of the waiver; (2) the waiver should extend to all communications up to September 19, 2000; and (3) the April 23, 1998 restriction should be removed.

> I. **Non-written Communications**

Judge Arleo's Order held that "Plaintiffs' disclosure of the Zarnowski Declaration during prosecution of the '243 Patent constitutes an intentional waiver of the attorney-client privilege, which waiver is limited to documents concerning the date of conception of the invention." (Dkt. 158.) Defendants argue that Judge Arleo erred in unduly limiting the scope of the attorney-client privilege waiver by excluding non-written communications in the Order. (Defs. Br. 6.) Defendants contend that "[w]hen a party intentionally waives the attorney-client privilege . . . that waiver extends to all communications relating to the same subject matter of the disclosed document." (Id.) In support, Defendants point to cases that Judge Arleo relied on in making her ruling which demonstrate that a privilege waiver extends to all communications. (Id. at 7 (citing Katz v. AT&T Corp., 191 F.R.D. 433 (E.D. Pa. 2000); Lear Auto. Dearborn, Inc. v. Johnson

4

Controls, Inc., 04-73461, 2006 WL 800740 (E.D. Mich. Mar. 28, 2006); and Armament Sys. & Procedures, Inc. v. IQ Hong Kong Ltd., No. 00-C-1257, 2007 WL 4747940 (E.D. Wis. Apr. 27, 2007)).) Moreover, Defendants assert that Judge Arleo indicated during the August 14, 2013 oral argument that the waiver applies to all communications. (Id. at 7-8 (citing Hrg. Tr. 8:4-9, 23:9-18; 24:14-18).)

Plaintiffs contend that Defendants focused on the production of "documents and correspondence" in the context of the attorney-client privilege waiver and not non-written communications. (Pls. Opp. 5.) Accordingly, Plaintiffs assert that Defendants did not properly raise the issue of non-written communications before Judge Arleo. (Id.)

In reviewing the relevant case law and facts in the instant matter, this Court finds that the attorney-client privilege waiver applies to all communications—written and non-written—and not just documents. As the Federal Circuit has noted—and as Judge Arleo recognized at the August 14, 2013 oral argument—"[t]he widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1349 (Fed. Cir. 2005); (see Dkt. 152, Hrg. Tr. 23:9-18). Furthermore, as Defendants correctly assert, Judge Arleo discussed additional cases recognizing that a waiver of the attorney-client privilege extends to all communications. See e.g., Katz, 191 F.R.D. at 441, Lear Auto. Dearborn, Inc., 2006 WL 800740, at *1. Nothing in the record justifies limiting the disclosure to just documents and correspondence. Such a restriction is contrary to law. Accordingly, Judge Arleo's exclusion of non-written communications in the Order is **reversed** and the waiver will apply to all communications.

## II. Extension of Waiver

Judge Arleo's Order restricted the temporal scope of the waiver to "communications that occurred prior to May 22, 1998." (Dkt. 158.) Defendants argue that Judge Arleo erred in determining the relevant filing date of May 22, 1998—the filing date of the parent application. (Defs. Br. 9.) They argue that the waiver should extend until September 19, 2000—the filing date of the CIP application that led to the '243 Patent. (Id.) Defendants contend the CIP application contained "additional subject matter . . . and the conception of that added subject matter is within the scope of Stryker's intentional waiver." (Defs. Br. 10-11; Defs. Reply 5.) Moreover, Defendants claim that communications post-May 22, 1998 "likely will reveal that certain aspects of the claimed invention were not disclosed in the earlier-filed application, thus necessitating the CIP application." (Defs. Reply 6.)

Plaintiffs argue that the privilege waiver should not extend beyond May 22, 1998 because the subject matter underlying the waiver does not relate to anything that occurred between 1998 and 2000. (Pls. Opp. 7.) Specifically, Plaintiffs assert that "[t]he disclosures in the Zarnowski Declaration relate *only* to descriptions of the invention *before* the original patent application was filed in May of 1998." (Id. (emphasis in original).) Furthermore, Plaintiffs claim that Defendants fail to cite to any authority supporting their argument. (Id.)

After reviewing the record and the parties' arguments, this Court finds that Judge Arleo's decision is neither clearly erroneous nor contrary to law. Judge Arleo properly considered the arguments relating to the appropriate scope of the waiver at issue. Based on case law, she articulated that "it is apparent that while the Zarnowski Declaration forms a waiver of the attorney-client privilege, the scope of that waiver is extremely narrow." (Dkt. 152, Hrg. Tr.

26:4-7.)  Judge Arleo relied namely on Katz and Lear in determining that the temporal scope of the waiver does not extend to documents created after the patent application is filed.  (Dkt. 152, Hrg. Tr. 24:14-25:15); see Katz, 191 F.R.D. at 441 (noting that "[i]t would be fundamentally unfair to extend the scope of the waiver beyond the date of the application because the issue of the conception date of an invention and its necessary elements is constrained to the time period prior to the filing of the application"); Lear Auto. Dearborn, Inc., 2006 WL 800740, at *1 (noting that "[t]he subject matter of the communication that was disclosed is the date and content of conception of the [] invention, and the scope of the waiver is necessarily limited to that subject").

This Court recognizes and appreciates the difficult decision presented as to which date is controlling—the September 19, 2000 filing date of the CIP application or the May 22, 1998 filing date of the parent application.  This Court is also mindful of the standard of review here which is whether the magistrate judge's decision is clearly erroneous or contrary to law.  See Bowen, 2002 WL 1754493, at *3, Andrews, 191 F.R.D. at 68.  Neither the parties nor this Court have identified any authority rendering Judge Arleo's decision contrary to law.  Furthermore, a full review of the record indicates that Judge Arleo's decision regarding the temporal scope of the waiver is rational and reasonable.  Thus, Judge Arleo's Order relating to the May 22, 1998 restriction is affirmed.

### III.  April 23, 1998 Restriction

In addition to Judge Arleo's temporal restriction of the waiver to documents created on or before May 22, 1998, she also required that the document or correspondence "concern the date of conception of the invention claimed in the '243 [P]atent and/or the description of the invention on or before April 23, 1998."  (Dkt. 158.)  Defendants argue that "[t]he April 23, 1998 date is the publication date of a prior art reference and has no relevance to the legal issues to be

decided here." (Defs. Br. 12; see Defs. Reply 8.) Defendants argue that this modification "effectively excludes all correspondence between April 23, 1998 and May 22, 1998" and is inconsistent with Judge Arleo's statements. (Defs Br. 11-12.)

Plaintiffs argue that Judge Arleo's inclusion of the April 23, 1998 restriction demonstrates how she "thoughtfully tied the scope of the asserted waiver to the disclosure that purportedly created that waiver." (Pls. Opp. 8.) Specifically, Plaintiffs contend that this restriction "accurately reflects the limited subject matter disclosed in the Zarnowski Declaration, *i.e.*, the description of the invention as that invention existed before April 23, 1998." (Id. at 9.)

This Court affirms Judge Arleo's modification to the Order restricting the scope of the waiver to the date of conception of the inventions—namely on or before April 23, 1998. Contrary to Defendants arguments, Judge Arleo specifically referenced the April 23, 1998 date discussed in the Zarnowski Declaration in analyzing the scope of the waiver. (See e.g., Hrg. Tr. 24:6-13; 26:13-16.) Defendants have not identified case law that contradicts Judge Arleo's decision. Moreover, this Court finds that the April 23, 1998 temporal restriction is reasonable and supported by the record. Accordingly, Judge Arleo's Order with respect to the April 23, 1998 restriction is affirmed.

**CONCLUSION**

For the reasons stated above, Judge Arleo's Order is **REVERSED**, **in part**, with respect to the exclusion of non-written communications, and **AFFIRMED**, **in part**, with respect to scope of the waiver relating to the May 22, 1998 and April 23, 1998 restrictions.

s/ Susan D. Wigenton
**Susan D. Wigenton, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.