NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
HOWMEDICA OSTEONICS CORP. :
and STRYKER IRELAND LTD., :
: Civil Action No. 11-6498 (SDW)
Plaintiffs, :
: **OPINION**
:
v. : November 24, 2014
:
DEPUY ORTHOPAEDICS, INC., :
WRIGHT MEDICAL :
TECHNOLOGY, INC., :
SMITH & NEPHEW, INC., and :
ZIMMER, INC., :
:
Defendants. :
_____ :

**WIGENTON**, District Judge.

Before this Court are the following motions: (1) Defendant Smith & Nephew, Inc.'s ("S&N") Motion for Summary Judgment of Noninfringement (Dkt. No. 220); (2) Defendant Wright Medical Technology, Inc.'s ("Wright") Motion for Summary Judgment of Noninfringement (Dkt. No. 224); and (3) Defendant Zimmer, Inc.'s ("Zimmer," and collectively, "Defendants") Motion for Summary Judgment of Noninfringement (Dkt. No. 225). Plaintiffs Howmedica Osteonics Corp. and Stryker Ireland Ltd. (collectively, "Stryker") oppose these motions. (Dkt. Nos. 234-36). No oral argument was heard pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1. Upon consideration of the parties' submissions in connection with this motion, and for the reasons set forth herein, each Defendant's motion for summary judgment is **GRANTED**.

I.   **BACKGROUND**[1]

Stryker commenced this patent infringement litigation on November 4, 2011, alleging that Defendants' products infringed U.S. Patent No. 6,475,243 ("the '243 Patent"), which describes certain of Stryker's acetabular cup technologies with respect to implants used in hip replacement surgeries. (Dkt. No. 1, Complaint, at ¶¶ 1-2).[2] Stryker alleges both direct and indirect infringement against each defendant under 35 U.S.C. § 271. (Id. at ¶¶ 13-22). On May 17, 2012, Stryker served on each defendant their disclosure of asserted claims and infringement contentions ("Infringement Contentions"), asserting infringement of a substantial number of claims in the '243 Patent. (See, e.g., Dkt. No. 223-4 at 2-3). In order to resolve these motions, however, the parties agree that only four claims contained in the '243 Patent are relevant here: Claims 20, 27, 41, and 53 (the "Relevant Claims").

More specifically, the genesis of these motions lies in this Court's July 9, 2013 Markman Opinion, in which two sets of language contained in the Relevant Claims were construed: (1) the language relating to the securement tapers; and (2) the language relating to the location of the recess taper. The Court construed the language relating to the securement tapers to mean "requires that the internal taper of the shell mates with the external taper of a metallic securing member (*i.e.* sleeve) secured to and separate from the bearing member." (Dkt. No. 144, Markman Op., at 31).

---

[1] The Court will only discuss facts that it deems relevant to the resolution of these motions. The Court has taken these facts from the pleadings, the parties' statements of undisputed material fact pursuant to L. Civ. R. 56.1, and any exhibits filed in connection with these motions. Unless the Court notes otherwise, these facts are considered undisputed.

[2] Plaintiffs initially filed four separate complaints—one for each original defendant—on November 4, 2011. (See Civil Action Nos. 11-6498, 11-6499, 11-6500, & 11-6511). On May 8, 2013, this Court entered an order consolidating all of those cases under Civil Action No. 11-6498. Because the complaints are identical in all respects with the exception of the name and description of the defendant, the Court will simply refer to the Complaint located on the consolidated docket. In addition, all other docket references made herein are to Civil Action No. 11-6498.

2

In other words, this Court found that the language imposed a "sleeve" requirement. With respect to the language relating to the location of the recess taper, this Court provided the following construction: "the recess is <u>essentially midway</u> along the taper such that the effectiveness of each is not compromised." (<u>Id.</u> at 24) (emphasis added).

As a result of the Court's <u>Markman</u> Opinion—and in order to facilitate an appeal of that decision—Stryker offered a stipulated final judgment of noninfringement to both Wright and Zimmer on the basis of the "sleeve" construction on September 3, 2013. (Dkt. No. 234-1, Pls.' Resp. to Wright's Statement of Undisputed Material Facts, at ¶ 6; Dkt. No. 236-1, Pls.' Resp. to Zimmer's Statement of Undisputed Material Facts, at ¶ 6). Stryker did not, however, offer final judgment to Wright and Zimmer on the basis of the "essentially midway" construction. (<u>See</u> Dkt. No. 234-1 at ¶¶ 21-24; Dkt. No. 236-1 at ¶¶ 26-29). Rather, that offer was only made to S&N. (Dkt. No. 234-1 at ¶ 23). Following a September 27, 2013 meet-and-confer at which the parties discussed the proposed final judgment, Stryker moved for final judgment without the consent of Defendants on October 15, 2013. (<u>Id.</u>; Dkt. No. 161-1, Pls.' Br. in Supp. of Mot. for Entry of Final J., at 1). Stryker's motion mirrored its September 3 proposal to Defendants: Stryker proposed a final judgment of noninfringement on the basis of the "sleeve" construction to Wright and Zimmer and a final judgment of noninfringement on the basis of the "essentially midway" construction to S&N. (Dkt. No. 161-1 at 2-5). In its moving brief, Stryker conceded that it could not prove infringement by Wright and Zimmer under the Court's "sleeve" construction. (<u>Id.</u> at 4). In addition, Stryker stated that it was "no longer contend[ing]" that S&N infringed the '243 Patent under the Court's "essentially midway" construction. (<u>Id.</u>).

Wright and Zimmer vigorously opposed Stryker's motion, arguing that the proposed judgment was too narrow in scope and that it should also cover the "essentially midway"

construction. (See Dkt. No. 180, Wright and Zimmer's Opp'n Br., at 14-22). S&N, on the other hand, did not oppose the motion. In response to Wright's and Zimmer's opposition, Stryker stated that it had strong infringement arguments against Wright and Zimmer with respect to the "essentially midway" construction under the doctrine of equivalents (the "DOE"). (Dkt. No. 186, Pls.' Reply Br., at 4-5). As such, Stryker argued that judgment on that ground would be inappropriate as to those defendants. (Id. at 4). On May 15, 2014, this Court entered an order denying Stryker's motion as moot and directing the parties to file their motions for summary judgment. (Dkt. No. 215, Order Den. Mot. for Entry of J.). Defendants then timely filed the instant motions for summary judgment on June 6, 2014. (Dkt. No. 220, S&N's Mot. for Summ. J.; Dkt. No. 224, Wright's Mot. for Summ. J.; Dkt. No. 225, Zimmer's Mot. for Summ. J.).

The crux of the motions now before the Court boils down to whether Stryker has properly raised its DOE theory of infringement with respect to the "essentially midway" construction. To understand why, a bit of backtracking is required. In its May 17, 2012 Infringement Contentions, Stryker included the following statement regarding the DOE:

> To the extent that any of the limitations of the asserted claims are not deemed to be literally infringed . . . Stryker contends that they are infringed under the doctrine of equivalents. In the event that a claim limitation is deemed to be missing under a literal infringement analysis (*e.g.*, due to claim construction), Stryker reserves the right to demonstrate the presence of a substantial equivalent of such an element and pursue infringement claims under the doctrine of equivalents.

(Dkt. No. 223-4 at 3-4). This general reservation of rights is the only reference that Stryker makes to the DOE in its Infringement Contentions—Stryker does not specifically assert the doctrine anywhere in its claim chart. (See generally id., Ex. A, at 1-24). In addition, Stryker has never moved to amend its Infringement Contentions to include any DOE theory with respect to any claims in the '243 Patent. In their moving papers, Defendants argue that Stryker's failure to

4

disclose the particulars of its DOE theory in its Infringement Contentions precludes Stryker from asserting the theory with respect to the "essentially midway" construction. In response, Stryker argues that the above reservation of rights in its Infringement Contentions was a sufficient assertion of the DOE under Local Patent Rule 3.1 and, even if it were not, the special circumstances that arose in this case following the Court's Markman Opinion relieved Stryker of any obligation to amend its Infringement Contentions. For the reasons that follow, Stryker's failure to specifically delineate its DOE infringement theory either in its original Infringement Contentions or via amended contentions precludes Stryker from asserting that theory for the first time in opposition to Defendants' motions for summary judgment. Accordingly, the Defendants' Motions for Summary Judgment are **GRANTED**.

## II. DISCUSSION

### A. The Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asserting the absence or presence of genuinely disputed material fact must support that assertion either with the materials in the record or by demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Stated differently, the inquiry on a motion for summary judgment is limited solely to whether there exists a genuine dispute between the parties "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either

5

party." Id. at 250. Thus, in cases in which "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

On a motion for summary judgment, therefore, the movant must first demonstrate that no genuine dispute of material fact exists; upon such a showing, the burden then shifts to the non-movant to demonstrate the existence of a genuine dispute such that a trial is required. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In making that demonstration, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts"—rather, the non-movant must come forward with specific facts that create a genuine dispute for trial. Matsushita, 475 U.S. at 586-87. It thus follows that the non-movant cannot defeat summary judgment solely by way of unsupported factual allegations or speculation. Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238 252 (3d Cir. 1999). It must be noted, however, that the facts and the reasonable inferences derived therefrom must be viewed in the light most favorable to the non-movant. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Specifically in the context of a motion for summary judgment of non-infringement, the issue of whether a product infringes—either literally or under the doctrine of equivalents—is treated as a question of fact. Cook Biotech Inc. v. Acell, Inc., 460 F.3d 1365, 1373 (Fed. Cir. 2006). Thus, summary judgment on the issue of literal infringement is appropriate "when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not in the accused device." Bai v. L & L Wings, Inc., 160 F.3d 1350, 1353 (Fed. Cir. 1998). Similarly, summary judgment of non-infringement under the DOE is appropriate "where the evidence is such that no reasonable jury could determine two elements to be equivalent." Warner-Jenkinson Co. v. Hilton Davis Chemical Co., 520 U.S. 17, 39 n.8 (1997).

6

B. Analysis

1. The "Sleeve" Construction

With respect to Zimmer and Wright, Stryker admits that it cannot prove infringement of the '243 Patent against either defendant in light of this Court's "sleeve" construction. (Dkt. No. 234, Pl.'s Opp'n Br., at 1; Dkt. No. 236, Pl.'s Opp'n Br., at 1). Therefore, Zimmer's and Wright's motions for summary judgment of non-infringement on that basis are **GRANTED**.[3]

2. The "Essentially Midway" Construction

In opposition to Defendants' motions, Stryker does not argue that Defendants' products literally infringe under the Court's "essentially midway" construction; instead, Stryker argues only that summary judgment of non-infringement should be denied based solely upon its DOE theory of infringement. Moreover, in its reply brief in support of its prior motion for final judgment pursuant to Rule 54(b), Stryker claimed literal infringement only against the now-dismissed Depuy defendants. (See Dkt. No. 186 at 4-5). Thus, Stryker's only potential argument for infringement lies in the doctrine of equivalents.

Infringement under the doctrine of equivalents exists "if there is equivalence between those elements of the accused product and the claimed limitations of the patented invention that are not literally infringed." Zelinski v. Brunswick Corp., 185 F.3d 1311, 1316 (Fed. Cir. 1999). In this context, "equivalence" means that "the differences between the element and the claim limitation are 'insubstantial.'" Id. Insubstantiality, in turn, is found where the allegedly infringing product and the patented product (1) perform substantially the same function, (2) in substantially the same

---

[3] As to S&N, Stryker notes that S&N is neither asking for nor entitled to summary judgment of non-infringement under the "sleeve" construction, and S&N does not contest that assertion. Accordingly, this Court finds that S&N is moving for summary judgment solely on the basis of the "essentially midway" construction. No opinion is expressed herein as to whether S&N would be entitled to summary judgment on the basis of the "sleeve" construction.

way, (3) in order to achieve the same result. Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950) (internal quotations and citations omitted).

Stryker argues that its reservation of rights as to the DOE in its Infringement Contentions is sufficient to enable it to now assert the doctrine specifically as to the "essentially midway" claim limitation to defeat Defendants' motions for summary judgment. This Court disagrees.

This District's Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." TFH Publ'ns v. Doskocil Mfg. Co., 705 F. Supp. 2d 361, 366 (D.N.J. 2010). Put differently, the Local Patent Rules force the adversaries to disclose, solidify, and adhere to their legal theories of infringement and invalidity in the early stages of the litigation. Nautilus Neurosciences, Inc. v. Wockhardt USA LLC, No. 11-1997, 2013 WL 7901901, at *2 (D.N.J. Jan. 23, 2013). To that end, the Local Patent Rules require a patentee to include with its infringement contentions a chart that specifically identifies "where each limitation of each asserted claims is found within each Accused Instrumentality." L. Pat. R. 3.1(c). Furthermore, the patentee's infringement contentions must assert "whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." L. Pat. R. 3.1(e) (emphasis added). The Local Patent Rules thus demand of the patentee precision and specificity in identifying its theories of infringement, including the DOE. See Voxpath RS, LLC v. LG Elecs. U.S.A., Inc., No. 12-952, 2012 WL 5818143, at *5 (D.N.J. Nov. 14, 2012).

In light of the above, it would seem self-evident that a mere reservation of the right to assert the doctrine of equivalents is insufficient to satisfy the exacting requirements of L. Pat. R. 3.1, but the question has not yet been squarely addressed in this District. This Court is not, however,

8

entirely without guidance.[4]  Indeed, the Northern District of California has encountered the precise issue presented in the case at bar.  In Rambus Inc v. Hynix Semiconductor Inc., the defendants moved for summary judgment of non-infringement under the doctrine of equivalents.  Nos. 05-334, 05-2298, 06-244, 2008 WL 5411564, at *1 (N.D. Cal. Dec. 29, 2008).  The patentee's final infringement contentions contained only the following reference to the doctrine of equivalents: "To the extent that any limitation is found to be not literally present, Rambus asserts that such limitation is present under the doctrine of equivalents."  Id. at *3.  Applying Northern District of California's Patent Local Rule 3-1(d)—whose language is identical to this District's L. Pat. R. 3.1(e)—the court held that the patentee's general assertion of the DOE fell woefully short of the Rule 3-1(d)'s requirement.  Id.  Accordingly, the Court held that the patentee's failure to satisfy the local rules provided a sufficient basis to grant the defendants' motion for summary judgment.  Id.[5]

This Court agrees with the Rambus Court and applies its reasoning to the case at bar.  Here, Stryker's reservation of rights as to the DOE in its Infringement Contentions fails to satisfy the requirements of L. Pat. R. 3.1(e).  Indeed, the first sentence in Stryker's boilerplate reservation is

---

[4] In patent cases involving issues of first impression with respect to the Local Patent Rules, it is well-settled that courts in this District may rely upon the decisions of other districts with similar patent rules—such as the Northern District of California—for guidance.  See Voxpath, 2012 WL 5818143, at *3 n.3.  See also TFH Publ'ns, Inc. v. Doskocil Mfg. Co., 705 F. Supp. 2d 361, 365 n.3 (D.N.J. 2010) ("The Court notes that both the District of New Jersey and the Eastern District of Texas have adopted verbatim their Local Patent Rules from the Northern District of California.  The Court recognizes that the issues raised in the instant Motion have not been analyzed in this district and, therefore, finds it appropriate to look to cases from those districts for guidance.").

[5] See also OptimumPath, LLC v. Belkin Int'l, Inc., No 09-1398, 2011 WL 1399257, at *8 (N.D. Cal. Apr. 12, 2011) (barring reliance on the DOE at claim construction stage for failure to comply with the Patent Local Rule); Electronic Materials v. Mitsubishi Materials Silicon Corp., No. 01-4925, 2004 WL 5363616, at *4-6 (N.D. Cal. Mar. 2, 2004) (same, in the context of defendants' motion to exclude expert testimony and preclude infringement claims under the DOE).

9

essentially a carbon copy of the boilerplate reservation made by the patentee in Rambus that failed to satisfy the Northern District of California's Patent Local Rule 3-1(d). Thus, there is no discernible basis on which to distinguish that case from the case at bar.

The issue presented here is simply a matter of fairness. Given that this District's Local Patent Rules unambiguously require litigants to disclose the specifics of their legal theories in the early stages of the litigation, it would be unfair to allow a party to assert an infringement theory at the summary judgment stage that had never been asserted with any specificity at any prior point in the litigation. A patentee cannot be permitted to assert a general DOE theory of infringement and then proffer a more specific DOE theory whenever it becomes convenient for it to do so. To allow such a practice would be to place the adversary in the position of having to constantly guess at the contours of the patentee's infringement theories. Thus, a general reservation of the right to assert the DOE fails to satisfy the Local Patent Rules' chief aim, which is to "provide all parties with adequate notice and information with which to litigate their cases." TFH Publ'ns, 705 F. Supp. 2d at 366. Accordingly, this Court will exercise its discretion to enforce the Local Patent Rules, see Genentech, Inc. v. Amgen, Inc., 289 F.3d 761, 773-74 (Fed. Cir. 2002), and preclude Stryker from asserting its DOE theory of infringement with respect to the "essentially midway" construction.

Because Stryker does not argue literal infringement and cannot argue infringement under the DOE due to its failure to comply with the Local Patent Rules, Defendants' Motions for Summary Judgment of noninfringement on the basis of the "essentially midway" construction are hereby **GRANTED**.

**III.    CONCLUSION**

In light of the foregoing, Defendants' Motions for Summary Judgment of Noninfringement are **GRANTED**.  An appropriate order will follow.


                                                                s/ *Susan D. Wigenton*
                                                                **SUSAN D. WIGENTON**
                                                                **UNITED STATES DISTRICT JUDGE**

Orig:   Clerk
cc:     Parties
          Judge Arleo